UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ETALON IMOB S.R.L. and MAOR ZINGER,

                        Plaintiff,

           -against-

LAWRENCE H. SCHOENBACH, and THE LAW
OFFICES OF LAWRENCE H. SCHOENBACH,
PLLC, INAH HOLDINGS, LLC, INTERNATIONS
ASSETS & HOLDINGS, LLC, and RICARDO
LEON,

                      Defendants.
-----------------------------------------------------------------X

12-CV-6868 (BSJ) (AJP)

DECLARATION OF
LAWRENCE H.
SCHOENBACH

Lawrence H. Schoenbach hereby declares and states under the penalties of perjury under the laws of the United States that the following is true and correct:

1. I am one of the named defendants in this action, and the sole principal of Defendant, The Law Office of Lawrence H. Schoenbach, PLLC. I am submitting this declaration in support of the defendants' motion to dismiss the complaint.

2. Over the course of the past two years I have had several telephone conversations and in-person meetings with Maor Zinger, the individual plaintiff in this action and the principal of the corporate plaintiff, Etalon Imob S.R.L. On several of those occasions, Mr. Zinger told me that he lives in Florida with his wife and children and that he had recently purchased a home in Florida where he and his

1

family live. In addition, on one occasion I remember asking Mr. Zinger's attorney, Meir Golan, why Mr. Zinger was so often in Florida – and spending so much time in Mr. Leon's office -- because I had thought that Mr. Zinger was living in Israel. In response, Mr. Golan told me that Mr. Zinger had moved to Florida and was now living there.

3. Since Mr. Zinger is domiciled in Florida, which is also the domicile of Defendants Internations Assets & Holdings, LLC and Inah Holdings LLC, there is no complete diversity of the parties. Therefore, this Court lacks subject matter jurisdiction, which is predicted solely on an incorrect allegation of diversity jurisdiction. There are, however, other defects in the complaint.

4. In the complaint, the plaintiffs assert various claims against me. All those claims should be dismissed for failure to state a claim and for failure to plead a claim against me with particularity, as set forth in more detail in the accompanying memorandum of law. The ninth claims for "conversion" also insufficient because it is conclusively refuted by documentary evidence that I have previously submitted to the Court in my declaration, dated September 18, 2012.

5. The conversion claim alleges that I currently hold $100,000 in my escrow account and that I am liable to the plaintiffs for "conversion" of those funds. (Complaint ¶¶ 114-16.) In my prior declaration, I submitted to the Court my bank statements for my escrow account and those statements shows that this

claim is incorrect, that my escrow account currently holds only $45 that in any way relates to the plaintiffs, and that all the other funds relating to the plaintiff were disbursed in accordance with the escrow agreement. Indeed, the escrow agreement specifically states that I "shall act only in accord with the written instructions of Inah Holdings, LLC." (Escrow Agreement ¶ 4; attached as Exhibit D to the Complaint.) A copy of my September 18, 2012 declaration along with the escrow bank statements is attached hereto.

6. The fourth and fifth claims in the complaint allege that I breached my obligations under the Escrow Agreement, which is attached to the Complaint as Exhibit D. The Complaint does not state what particular clause or provision of the Escrow Agreement I allegedly breached, asserting only a generality (*see* Complaint ¶ 82: "Schoenbach breached his obligations under the Escrow Agent Agreement or any other agreement to serve as escrow agent.") It appears, however, from the plaintiffs arguments made in connection with their attachment application, that I breached my obligations under the Escrow Agreement by disbursing the funds to my clients, the co-defendants in this action. However, paragraph four of the Escrow Agreement gave me the express and unambiguous authority to release those funds upon the instruction of the other defendants. In particular, the Escrow Agreement provided:

> That Lawrence H. Schoenbach, Esq. and the Law Offices of Lawrence H. Schoenbach, PLLC, acting as the Attorney Escrow Agent for the transaction,

3

shall act *only* in accord with the written instructions of Inah Holdings, LLC and will distribute said funds according to those written instructions for the purpose of acquiring the 25 MIL instrument.

*See* Paragraph 4, Escrow Agreement (Exhibit D of the Complaint)(Emphasis in original.

7.   Accordingly, no claim for breach of contract against me can be stated on those grounds based on the clear terms of the Escrow Agreement, which the plaintiffs have attached to their Complaint.

8.   I declare under the penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and correct.

Executed on October 18, 2012 in New York, New York.

_____
Lawrence H. Schoenbach

4