UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ETALON IMOB S.R.L. and MAOR ZINGER,

                                                         12-CV-6868 (BSJ) (AJP)

                   Plaintiff,                            **ANSWER WITH**
        -against-                                  **COUNTERCLAIM**

LAWRENCE H. SCHOENBACH, and THE LAW
OFFICES OF LAWRENCE H. SCHOENBACH,
PLLC, INAH HOLDINGS, LLC, INTERNATIONS
ASSETS & HOLDINGS, LLC, and RICARDO
LEON,

                   Defendants.
-----------------------------------------------------------------X

      Defendants, by their undersigned attorney, hereby submit their Answer[1] to the Complaint as follows:

      1.     Deny the allegations in paragraph 1 of the Complaint and any other allegations in the Complaint for which a specific response has not been provided.

      2.     Deny the allegations in paragraph 2 of the Complaint, except admit that Zinger followed Leon around the world.

      3.     Deny the allegations in paragraph 3 of the Complaint, except refer the Court to the documents referenced therein for their content.

      4.     Deny the allegations in paragraph 4 of the Complaint.

---

[1] Pursuant to the Order of Magistrate Judge Peck, dated November 19, 2012, the Defendants are filing this Answer with Counterclaim without waiving their position that the Complaint should, pursuant to their Motion to Dismiss, be dismissed for the reasons set forth therein or thereafter pursuant to Rule 12 of the Federal Rules of Civil Procedure.

5. Deny the allegations in paragraph 5 of the Complaint, except admit that plaintiffs purport to bring the claims set forth in the Complaint.

6. Deny knowledge or information sufficient to answer the allegations in paragraph 6 of the Complaint.

7. Deny the allegations in paragraph 7 of the Complaint.

8. Deny the allegations in paragraph 8 of the Complaint, except admit that Inah is a Florida company.

9. Deny the allegations in paragraph 9 of the Complaint, except admit that Internations is a Florida company.

10. Deny the allegations in paragraph 10 of the Complaint, except admit that Leon is a member of Inah and Internations.

11. Admit the allegations in paragraph 11 of the Complaint.

12. Admit the allegations in paragraph 12 of the Complaint.

13. Deny the allegations in paragraph 13 of the Complaint.

14. Deny the allegations in paragraph 14 of the Complaint.

15. Deny the allegations in paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to answer the allegations in paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to answer the allegations in paragraph 17 of the Complaint.

18. Deny the allegations in paragraph 18 of the Complaint, except admit that Leon is a member of Inah and Internations and provides financing services professionally.

19. Deny the allegations in paragraph 19 of the Complaint, except refer the Court to the documents referenced therein for their content.

20. Deny the allegations in paragraph 20 of the Complaint, except refer the Court to the documents referenced therein for their content.

21. Deny the allegations in paragraph 21 of the Complaint, except refer the Court to the documents, if any, referenced therein for their content.

22. Deny the allegations in paragraph 22 of the Complaint, except refer the Court to the documents referenced therein for their content.

23. Deny the allegations in paragraph 23 of the Complaint, except refer the Court to the documents referenced therein for their content.

24. Deny the allegations in paragraph 24 of the Complaint, except refer the Court to the documents referenced therein for their content.

25. Deny the allegations in paragraph 25 of the Complaint, except refer the Court to the documents referenced therein for their content.

26. Admit that $150,000 was paid as a part or portion of a non-refundable fee, admit that the funds were transferred to Schoenbach's law office, and deny the rest of the allegations in paragraph 26 of the Complaint.

27. Deny the allegations in paragraph 27 of the Complaint, except refer the Court to the documents referenced therein for their content.

28. Deny the allegations in paragraph 28 of the Complaint, except refer the Court to the documents referenced therein for their content.

29. Deny the allegations in paragraph 29 of the Complaint, except refer the Court to the documents referenced therein for their content.

30. Deny the allegations in paragraph 30 of the Complaint, except refer the Court to the documents referenced therein for their content and admit the $100,000 loan.

31. Deny the allegations in paragraph 31 of the Complaint, except refer the Court to the documents referenced therein for their content.

32. Deny the allegations in paragraph 32 of the Complaint.

33. Deny the allegations in paragraph 33 of the Complaint.

34. Deny the allegations in paragraph 34 of the Complaint and state that the parties agreed to continue to work on the proposed transaction.

35. Deny the allegations in paragraph 35 of the Complaint, except admit that the $100,000 was requested and obtained for the purpose of paying various fees and expenses for the transaction.

36. Deny the allegations in paragraph 36 of the Complaint, except refer the Court to the documents referenced therein for their content.

37. Deny the allegations in paragraph 37 of the Complaint, except refer the Court to the documents referenced therein for their content and admit that the funds were used for fees and expenses of the transaction.

38. Deny the allegations in paragraph 37 of the Complaint, except refer the Court to the documents referenced therein for their content.

39. Deny the allegations in paragraph 39 of the Complaint, except refer the Court to the documents referenced therein for their content.

40. Deny the allegations in paragraph 40 of the Complaint, except refer the Court to the documents referenced therein for their content.

41. Admit that the funds were transferred and deny the rest of the allegations in paragraph 41 of the Complaint.

42. Deny the allegations in paragraph 42 of the Complaint, except refer the Court to the documents referenced therein for their content.

43. Deny the allegations in paragraph 43 of the Complaint, except refer the Court to the documents referenced therein for their content.

44. Deny the allegations in paragraph 44 of the Complaint, except refer the Court to the documents referenced therein for their content.

45. Deny the allegations in paragraph 45 of the Complaint and state that the parties agreed to continue to work on the proposed transaction.

46. Deny the allegations in paragraph 46 of the Complaint.

47. Deny the allegations in paragraph 47 of the Complaint, except admit that Zinger followed Leon around the globe and spent more than a month in Switzerland with Leon.

48. Deny the allegations in paragraph 48 of the Complaint.

49. Deny the allegations in paragraph 49 of the Complaint and refer the Court to the documents referenced therein for their content.

50. Deny the allegations in paragraph 50 of the Complaint and refer the Court to the documents referenced therein for their content.

51. Deny the allegations in paragraph 51 of the Complaint.

52. Deny the allegations in paragraph 52 of the Complaint.

53. Deny the allegations in paragraph 53 of the Complaint.

54. Deny the allegations in paragraph 54 of the Complaint.

55. Deny the allegations in paragraph 55 of the Complaint.

56. Deny the allegations in paragraph 56 of the Complaint.

57. Defendants repeat the above allegations as if set forth here at length.

58. Deny the allegations in paragraph 58 of the Complaint.

59. Deny the allegations in paragraph 59 of the Complaint.

60. Deny the allegations in paragraph 60 of the Complaint.

61. Deny the allegations in paragraph 61 of the Complaint.

62. Deny the allegations in paragraph 62 of the Complaint.

63. Deny the allegations in paragraph 63 of the Complaint.

64. Deny the allegations in paragraph 64 of the Complaint.

65. Defendants repeat the above allegations as if set forth here at length.

66. Deny the allegations in paragraph 66 of the Complaint.

67. Deny the allegations in paragraph 67 of the Complaint.

68. Deny the allegations in paragraph 68 of the Complaint.

69. Deny the allegations in paragraph 69 of the Complaint.

70. Defendants repeat the above allegations as if set forth here at length

71. Deny the allegations in paragraph 71 of the Complaint.

72. Deny the allegations in paragraph 72 of the Complaint.

73. Deny the allegations in paragraph 73 of the Complaint.

74. Deny the allegations in paragraph 74 of the Complaint.

75. Deny the allegations in paragraph 75 of the Complaint.

76. Defendants repeat the above allegations as if set forth here at length.

77. Deny the allegations in paragraph 77 of the Complaint.

78. Deny the allegations in paragraph 78 of the Complaint.

79. Deny the allegations in paragraph 79 of the Complaint.

80. Deny the allegations in paragraph 80 of the Complaint.

81. Deny the allegations in paragraph 81 of the Complaint.

82. Deny the allegations in paragraph 82 of the Complaint.

83. Deny the allegations in paragraph 83 of the Complaint.

84. Defendants repeat the above allegations as if set forth here at length.

85. Deny the allegations in paragraph 85 of the Complaint.

86. Deny the allegations in paragraph 86 of the Complaint.

87. Deny the allegations in paragraph 87 of the Complaint.

88. Deny the allegations in paragraph 88 of the Complaint.

89. Deny the allegations in paragraph 89 of the Complaint.

90. Deny the allegations in paragraph 90 of the Complaint.

91. Defendants repeat the above allegations as if set forth here at length.

92. Deny the allegations in paragraph 92 of the Complaint.

93. Deny the allegations in paragraph 93 of the Complaint.

94. Deny the allegations in paragraph 94 of the Complaint.

95. Deny the allegations in paragraph 95 of the Complaint.

96. Deny the allegations in paragraph 96 of the Complaint.

97. Deny the allegations in paragraph 97 of the Complaint.

98. Deny the allegations in paragraph 98 of the Complaint.

99. Defendants repeat the above allegations as if set forth here at length.

100. Deny the allegations in paragraph 100 of the Complaint.

101. Deny the allegations in paragraph 101 of the Complaint.

102. Deny the allegations in paragraph 102 of the Complaint.

103. Deny the allegations in paragraph 103 of the Complaint.

104. Deny the allegations in paragraph 104 of the Complaint.

105. Deny the allegations in paragraph 105 of the Complaint.

106. Deny the allegations in paragraph 106 of the Complaint.

107. Defendants repeat the above allegations as if set forth here at length.

108. Deny the allegations in paragraph 108 of the Complaint.

109. Deny the allegations in paragraph 109 of the Complaint.

110. Deny the allegations in paragraph 110 of the Complaint.

111. Deny the allegations in paragraph 111 of the Complaint.

112. Deny the allegations in paragraph 112 of the Complaint.

113. Defendants repeat the above allegations as if set forth here at length.

114. Deny the allegations in paragraph 114 of the Complaint.

115. Deny the allegations in paragraph 115 of the Complaint.

116. Deny the allegations in paragraph 116 of the Complaint.

117. Deny the allegations in paragraph 117 of the Complaint.

118. Defendants repeat the above allegations as if set forth here at length.

119. Deny the allegations in paragraph 119 of the Complaint.

120. Deny the allegations in paragraph 120 of the Complaint.

121. Deny the allegations in paragraph 121 of the Complaint.

122. Deny the allegations in paragraph 122 of the Complaint.

123. Deny the allegations in paragraph 123 of the Complaint.

## DEFENSES AND AFFIRAMTIVE DEFENSES

124. The Complaint fails to state a claim for relief.

125. The Court lacks subject matter jurisdiction because of a lack of diversity between the parties in that Zinger is domiciled in Florida and in that Leon is a citizen of Haiti and the United States and is therefore an alien for purposes of diversity jurisdiction.

126. The Court lacks personal jurisdiction over Defendant Ricardo Leon for failure to serve him properly as required by law and international treaty and for a lack of sufficient contacts with the State of New York in order to satisfy due process and the New York long-arm statute.

127. The Plaintiffs lack clean hands.

128. Venue of this action is improper in this District.

129. The Plaintiff is not entitled to a jury trial and has waived that right by asserting claims in equity and at law.

130. The Complaint fails to plead fraud or other wrongful conduct with particularity.

131. The Plaintiffs waived the right to make a claim for breach of contract or for any other applicable legal theory because the parties agreed to continue to

work on the proposed transactions when the contemplated time frame for the transactions was not obtained or obtainable.

132.   The Plaintiffs failed to satisfy their conditions and obligations under the contractual obligations undertaken.

133.   The Loan has, in part, been repaid.

## COUNTERCLAIM

134.   Plaintiff-Counterclaim Defendant Etalon was obligated to make additional payments under the MOU to Defendant-Counterclaim Plaintiff Internations.

135.   The Plaintiff failed to make said payments notwithstanding due demand.

136.   As a result, Internations has suffered damages in an amount to be established at trial.

Wherefore, the Defendants demand that the Complaint be dismissed with prejudice, and that they be awarded their costs and expenses incurred in this action, including attorney's fees, that Internations be awarded damages on its

Counterclaim, and that the Defendants be awarded such other and further relief as the Court deems proper.

Dated: December 3, 2012

                                               *s/NBS*
                                      _____
                                      Nathaniel B. Smith
                                      111 Broadway – Suite 1305
                                      New York, New York 10006
                                      212-227-7062